IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:

ARAMIS CESAR MORALES

MARIA NILDA SBARDELLA

CASE NO. 12-35230-RAM
CHAPTER 13

Debtor(s)

_____/

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

GREEN TREE SERVICING, LLC, (hereinafter "Creditor"), by and through its undersigned attorney, and pursuant to 11 U.S.C. §1325 objects to confirmation of Debtor's Chapter 13 Plan and states as follows:

1. On November 7, 2012, Creditor filed a secured Proof of Claim (Claim No. 4-1) in the amount of $98,470.26. Said claim is based on a Note and Mortgage executed by Debtor granting Creditor a security interest in real property located at 1700 NW North River, Apt 203, Miami, Florida 33125.

2. On November 20, 2012, Debtor(s) filed a Chapter 13 Plan. Debtor's plan proposes to value down Creditor's secured claim and pay only a fraction of the secured claim owed and none of the $56.39 in arrearages that have accrued pre-petition. These amounts do not conform to Creditor's claim and the Plan is therefore not confirmable.

3. The proposed treatment of Creditor's claim in the Plan is in violation of 11 U.S.C. § 1322(b)(2) as Creditor's claim is a secured claim consisting of a first mortgage on Debtor's principal residence which cannot be modified through the bankruptcy.

4. By law, Creditor, which holds a fully secured lien on Debtor's homestead, is entitled to full payment if Debtor intends to keep the property.

5. The proposed treatment of Creditor's claim in the Plan does not conform with the secured proof of claim filed by Creditor as it proposes to pay at an interest rate less than the contractual interest rate and below the current *Till* rate.

6. Creditor believes its claim is fully secured absent Debtor showing sufficient evidence in support of his allegation of value. Additionally, Creditor's secured claim is being crammed down in the Plan without first obtaining from the Court, whether by Motion or Adversary Proceeding, a determination as the value or validity of Creditor's claim.

7. The requested hearing time is fifteen (15) minutes.

WHEREFORE, Creditor requests that the Court deny confirmation of the Chapter 13 Plan and award fees and costs for the bringing of this Objection together with such other relief as this Court deems just and proper.

/s/ Kevin A. Comer
Law Offices of Daniel C. Consuegra, P.L.
   Allison D. Thompson/Florida Bar #36981
x Kevin A. Comer/Florida Bar #55553
   Steve D. Tran/Florida Bar #14822
   Ashley L. Sigrist/Florida Bar #95068
9204 King Palm Drive
Tampa, Florida 33619-1328
bkfiling@consuegralaw.com
Tel (813) 915-8660
Fax (813) 664-8889
Attorney for Creditor

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing with attachments has been served either by electronic or standard first class mail this 14th day of December, 2012 to; ARAMIS CESAR MORALES, 2637 E. ATLANTIC BLVD., MAILBOX 20404, POMPANO BEACH, FL 33062; MARIA NILDA SBARDELLA, 2637 E. ATLANTIC BLVD., MAILBOX 20404, POMPANO BEACH, FL 33062; JANET TACORONTE, ESQUIRE, 14750 NW 77 CT. #309, MIAMI LAKES, FL 33016; NANCY N. HERKERT, TRUSTEE, P.O. BOX 279806, MIRAMAR, FL 33027; AND UNITED STATES TRUSTEE, 51 SOUTHWEST FIRST AVENUE, SUITE 1204, MIAMI, FL 33130.

/s/ Kevin A. Comer
Kevin A. Comer, Esquire